UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOWARD PARDUE/PARDUE'S AUTO           CIVIL ACTION
REPAIR, INC.

VERSUS                                NO: 08-1677

CUMMINS, INC., ET AL.                 SECTION: "A" (3)

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 62)** filed by Defendants Cummins Inc., Cummins Diesel Sales Corp., and Cummins Mid-South, Inc. Plaintiff, Howard Pardue/Pardue's Auto Repair, Inc., opposes the motion. The motion, set for hearing on December 9, 2009, is before the Court on the briefs without oral argument.

Pardue filed this suit against Defendants after the Cummins engine in his 1999 Dodge truck failed prematurely.[1] Pardue contends that the engine was defective from its inception yet Cummins sought to conceal this information from the consuming public. Pardue seeks to represent a class of purchasers or owners of trucks which include as original equipment a Cummins diesel engine of the type contained in his truck. A class certification hearing is scheduled to begin on January 20, 2010.

---

[1] According to Defendants, the truck was nearly 10 years old and had been driven 299,153 miles when the engine failed.

Defendants now move for summary judgment contending that Pardue's redhibition claim should be dismissed, that Pardue's express warranty claim should be dismissed, and that Pardue's fraud claim should be dismissed.[2]

Defendants contend that under Louisiana law a plaintiff does not have a direct cause of action against a component part manufacturer regardless of whether the component part is defective. The redhibition articles of the Louisiana Civil Code apply to sellers and manufacturers. See La. Civil Code arts. 2531 & 2545. The articles do not address whether a component part manufacturer is potentially liable in redhibition. The Louisiana Supreme Court has, however, expressly broadened the scope of a "manufacturer" for purposes of redhibition, see Media Prod. Consultants, Inc. v. Mercedes-Benz of N.A., 262 So. 2d 377 (La. 1972), and other courts have recognized this as being Louisiana's alignment with the consumer protection rule, Bearly

---

[2] The Court notes that all of these challenges could have been raised long ago because they essentially challenge the sufficiency of the complaint. Defendants raised an additional challenge in their reply memorandum with respect to Pardue's Louisiana Products Liability Act claim. This argument was not made in the motion itself and the Court assumes that this was done in response to Pardue's lengthy discussion in his opposition regarding the LPLA. Plaintiff's purpose in making a LPLA argument is not clear to the Court but Defendants are correct in pointing out that Pardue cannot seek relief under both statutory schemes.

2

v. Brunswick Mercury Marine Div., 888 So. 2d 309, 314 (La. App. 2d Cir. 2004).

Some appellate courts have expressly recognized a cause of action against the manufacturer of a component part manufacturer, see, e.g., Dixie Roofing Co. v. Allen Parish Sch. Bd., 690 So.2d 49 (La. App. 3d Cir.1996), or have recognized that after Media Production the privity of a vendor/vendee relationship is not essential to a redhibition cause of action. MTU of N. Am., Inc. v. Raven Marine, Inc., 603 So. 2d 803, 808 (La. App. 1st Cir. 1992). And while Defendants cite several contrary cases where the court found no cause of action in redhibition against a component part manufacturer, e.g., Brookshire Bros. Holding, Inc. v. Total Containment, Inc., No. 04-1150, 2007 WL 184600 (W.D. La. Jan. 18, 2007); Robie's Food Center, Inc. v. Modern Buss. Mach., Inc., 562 So. 2d 54 (La. App. 3d Cir. 1990); Austin's of Monroe, Inc. v. Brown, 474 So.2d 1383 (La. App. 2d Cir. 1985); Peterson v. Coleman Oldsmobile, Inc., 393 So. 2d 372 (La. App. 1st Cir. 1980), in all of those cases the component part at issue was *not* defective. Contrary to Defendants' contention, it is not clear from these cases that the result would have been the same had the component part at issue been defective. In other words, the cited cases do not unequivocally preclude a cause of action in redhibition against a component part manufacturer. And had the

status of the defendant been the lynchpin issue in those cases, then there would have been no need for any discussion regarding whether the product was defective or not.

In this case, Pardue alleges that the engine was defective and the Court must assume the truth of that allegation at this juncture.[3] To determine state law a federal court sitting in diversity must look to the final decisions of the state's highest court. <u>Amer. Intern. Spec. Lines Ins. Co. v. Canal Indem. Co.</u>, 352 F.3d 254, 260 (5th Cir. 2003) (citing <u>Transcon. Gas Pipe Line Corp. v. Transp. Ins. Co.</u>, 953 F.2d 985 (5th Cir. 1992)). Given that the Louisiana Supreme Court has never precluded a cause of action in redhibition against a component part manufacturer, and to the contrary has interpreted the statute liberally, this Court finds that Pardue does state a claim against Defendants in redhibition.[4]

Defendants argue that Pardue's redhibition claim is also subject to dismissal because Chrysler's written warranty

---

[3] In the instant motion Defendants are not challenging the contention that the engine was defective.

[4] Pardue also points out that in <u>Pitfield v. Dupont Family Playhouses</u>, 575 So. 2d 817 (La. 1991), the Louisiana Supreme Court summarily reversed the Fifth Circuit Court of Appeal when it concluded that the plaintiff had no cause of action against a component part manufacturer in redhibition. The ruling does not clarify why the Supreme Court took this action.

disclaimed all implied warranties.  No evidence has been presented to demonstrate that any potential waiver was made in compliance with the strict requirements necessary for waiver of Pardue's statutory warranty rights.

Defendants' last two arguments regarding a cause of action for express warranty and fraud are persuasive, however, and Pardue did not address these challenges in his opposition.  The Court has seen no evidence of an express warranty made by Defendants to Pardue.  And neither the complaint nor any document submitted in opposition alleges any misrepresentations made by Defendants to Pardue.  Privity may not be an obstacle for Pardue's statutory remedies because the pertinent articles do not require privity, but the same does not hold true for his other claims.  The motion for summary judgment is GRANTED as to any claims for violation of an express warranty or fraud.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 62)** filed by Defendants Cummins Inc., Cummins Diesel Sales Corp., and Cummins Mid-South, Inc. is **GRANTED IN PART AND DENIED IN PART** as explained above.

December 17, 2009

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5