# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HOWARD PARDUE/PARDUE'S  AUTO** | * | |
| **REPAIR, INC.** | * | |
| | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER:  08-1677** |
| | * | |
| **CUMMINS INC. (OF INDIANA) f/k/a** | * | |
| **CUMMINS ENGINE COMPANY, INC.,** | * | |
| **CUMMINS DIESEL SALES** | * | **DIVISION "A"** |
| **CORPORATION, CUMMINS** | * | |
| **MID-SOUTH, INC. AND/OR CUMMINS** | * | |
| **MID-SOUTH, L.L.C.** | * | **MAGISTRATE (3)** |

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Considering the submissions of the parties, the oral argument held on December 16, 2001, and the applicable law, and for the reasons that follow;

**IT IS ORDERED** that Class Counsel's Motion for Attorney's Fees is **GRANTED**.

## BACKGROUND

Howard Pardue / Pardue's Auto Repair, Inc. ("Plaintiff") on behalf of Plaintiff and the Settlement Class, and Cummins, Inc., sued as Cummins, Inc. (of Indiana) f/k/a Cummins Engine Company, Inc., Cummins Diesel Sales Corporation, Cummins Mid-South, Inc., and/or Cummins Mid-South, LLC (collectively referred to as "Cummins") entered into a Settlement Agreement that was preliminarily approved by this Court on

1

July 25, 2011, and was approved by this Court on December 16, 2001.

Pursuant to Paragraph VII of the Settlement Agreement, Class Counsel were required to, and did, file a fee application on or before August 15, 2011, a date set by the Court in its preliminary approval order. Paragraph VII of the Settlement Agreement provides that attorney fees awarded to the Class Counsel shall be no more than the value of the actual hours incurred by Class Counsel, computed at the hourly rates of $400 per hour for partners, $200 per hour for associates, and $80 per hour for paralegals. Further, the Settlement Agreement stipulates that no multiplier shall be applied to the value of the actual hours incurred by Class Counsel, and the total amount of fees, costs and expenses awarded to Class Counsel shall not exceed the sum of $750,000 (This figure reflects the fees billed by the lead defense firm, as of the date of the settlement). Finally, the $750,000 to cover fees, costs and expenses awarded by the Court to Class Counsel will be paid by Cummins, not the Class.

The Court has reviewed the time records submitted by Class Counsel reflecting the work performed on this matter. The Court finds the hours charged were reasonably expended in view of the factual and legal issues presented in this case. Moreover, this Court finds that, as stipulated in the Settlement Agreement, the rates of $400 per hour for partners, $200 per hour for associations and $80 per hour for paralegals are appropriate as the prevailing rates in this jurisdiction based on the experience, ability and reputation of the attorneys involved in this case and based on this Court's experience with rates

charged in similar class action cases in this jurisdiction. The fees are particularly

reasonable insofar as the parties' agreement does not provide for a multiplier, despite the

contingent nature of the representation.

Based on the number of hours Class Counsel has reasonably expended on this

matter and the reasonable hourly rates for each participating attorney, this Court has

calculated that  the lodestar amount of attorney's fees awardable in this case is  well is

excess of the $750,000 agreed figure, which notably must cover expenses as well as fees.

This Court also has considered the twelve factors set forth in *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to determine whether this lodestar

amount of attorney's fees should be adjusted upward or downward.  The factors

considered by the Court are:  1) the time and labor required to represent the client or

clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to

perform the legal services properly; (4) the preclusion of other employment by the

attorney; (5) the customary fee charged for those services in the relevant community; (6)

whether the fee is fixed or contingent; (7) the time limitations imposed by the client or

circumstances; (8) the amount involved and the results obtained; (9) the experience,

reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature

and length of the professional relationship with the client; and (12) awards in similar

cases. *Johnson,* 488 F.2d at 717-19.

The *Johnson* factors are considerations only in upward or downward adjustments

of fees.  .After considering the *Johnson* factors, this Court believes the lodestar amount should not be adjusted downward and, further, accepts the parties' Settlement Agreement stipulation that no multiplier should be applied to increase the lodestar above the value of the actual hours incurred by Class Counsel.

The expenses sought by Class Counsel in this matter appear to be the usual and customary expenses that counsel will incur in class action litigation.  Thus, the Court finds the expenses claimed by Class Counsel are fair, reasonable and appropriate.

In summary, based on the submissions of the parties and the applicable law, the Court approves Class Counsel's request for an award of $750,000 in attorney's fees and expenses, which award reflects the agreed monetary limitation set forth in the Settlement Agreement.  Therefore, it is ordered, consistent with the applicable Settlement Agreement, Cummins is responsible to pay the total award amount of $750,000 to Class Counsel for fees and expenses in this case.

New Orleans, Louisiana this ___16th___ day of December, 2011.